IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| IN RE | * | BKRTCY. NO. 19-01940 ESL |
| CONTES SANTIAGO, JACQUELINE<br>xxx-xx-5035 | * | CHAPTER 13 |
| | * | |
| DEBTOR | | |

**DEBTOR'S MOTION AND NOTICE OF FILING OF POST-CONFIRMATION MODIFICATION OF CHAPTER 13 PLAN 11 USC §1329**

**TO THE HONORABLE COURT:**

**COMES NOW, JACQUELINE CONTES SANTIAGO,** the Debtor in the above captioned case, through the undersigned attorney, and very respectfully state and pray as follows:

1. The DEBTOR is hereby submitting a post-confirmation modification of Chapter 13 Plan, 11 USC Section 1329, dated March 15, 2022, herewith and attached to this motion.

2. This Plan modification is filed to **amend Part 2, Section 2.1, in order to increase the amount of the Plan payments to the Trustee and the total Plan base, accordingly, since the Debtor's salary income has recently increased; Part 3 Section 3.1 to state the correct mortgage loan secured creditor: Oriental Bank; and Part 4, Section 4.3 to provide for attorney's fees for post-confirmation work performed in the present Chapter 13 case.**

<u>**NOTICE PURSUANT TO LOCAL BANKRUPTCY RULE 3015(f)**</u>

**Within twenty-one (21) days after service as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.**

I CERTIFY, that on this same date a copy of this Notice was filed with the Clerk of the Court using the CM/ECF system which will send notice of same to the Chapter 13 Trustee, and all CM/ECF participants; I also certify that a copy of this notice was sent via regular mail to the Debtor and to all creditors and interested parties appearing in the master address list (CM/ECF non-participants), hereby attached.

**RESPECTFULY SUBMITTED**. In San Juan, Puerto Rico, this 15th day of March, 2022.

*/s/Roberto Figueroa Carrasquillo*
USDC #203614
**RFIGUEROA CARRASQUILLO LAW OFFICE PSC**
ATTORNEY FOR the DEBTOR
PO BOX 186 CAGUAS PR 00726
TEL NO 787-744-7699 787-963-7699
Email: rfc@rfigueroalaw.com

UNITED STATES BANKRUPTCY COURT
District of Puerto Rico, San Juan Division

| In Re | Case No: **19-01940 ESL** |
|---|---|
| **CONTES SANTIAGO, JACQUELINE** | Chapter 13 |

XXX-XX-**5035**

XXX-XX-

**Puerto Rico Local Form G**

**Chapter 13 Plan dated** 03/15/2022

[ ] Check if this is a pre-confirmation amended plan.

[X] Check if this is a post confirmation amended plan
Proposed by:
    [X] Debtor(s)
    [ ] Trustee
    [ ] Unsecured creditor(s)

[X] If this is an amended plan, list below the sections of the plan that have been changed.

2.1; 3.1; 4.3

## PART 1 Notices

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances or that it is permissible in your judicial district. Plans that do not comply with local rules and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. The headings contained in this plan are inserted for reference purposes only and shall not affect the meaning or interpretation of this plan.

**If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court.** The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you must file a timely proof of claim in order to be paid under this plan, unless ordered otherwise.

If a claim is withdrawn by a creditor or amended to an amount less than the amount already disbursed under the plan on account of such claim: (1) The trustee is authorized to discontinue any further disbursements to related claim; (2) The sum allocated towards the payment of such creditor's claim shall be disbursed by the trustee to Debtor's remaining creditors. (3) If such creditor has received monies from the trustee (Disbursed Payments), the creditor shall return funds received in excess of the related claim to the trustee for distribution to Debtor's remaining creditors. (4) If Debtor has proposed a plan that repays his or her creditors in full, funds received in excess of the related claim shall be returned to the Debtor.

The following matters may be of particular importance. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | [X] Included | [ ] Not included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | [ ] Included | [X] Not included |
| 1.3 | Nonstandard provisions, set out in Part 8 | [X] Included | [ ] Not included |

## PART 2: Plan Payments and Length of Plan

2.1 **Debtor(s) will make payments to the trustee as follows:**

| PMT Amount | Period(s) | Period(s) Totals | Comments |
|---|---|---|---|
| 175.00 | 34 | 5,950.00 | |
| 287.00 | 6 | 1,722.00 | |
| 672.00 | 20 | 13,440.00 | |
| Subtotals | 60 | 21,112.00 | |

*Insert additional lines if needed*

If fewer than 60 months of payments are specified, additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply.*
[ ] Debtor(s) will make payments pursuant to a payroll deduction order.
[X] Debtor(s) will make payments directly to the trustee.
[ ] Other (specify method of payment): _____

**2.3 Income tax refunds:**

Debtor(s) will supply the trustee with a copy of each income tax return filed during the plan term within 14 days of filing the return and will comply with 11 U.S.C. § 1325(b)(2). If the Debtor(s) need(s) to use all or a portion of such "Tax Refunds," Debtor(s) shall seek court authorization prior to any use thereof.

**2.4 Additional payments:**

*Check one.*
[X] None. If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

# PART 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
[ ] None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

[X] The Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed either by the trustee or directly by the Debtor(s), as specified below. Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated, pro-rated unless a specific amount is provided below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below as to the current installment payment and arrearage. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling. If relief from the automatic stay is ordered as to any item of collateral listed in this paragraph, then, unless otherwise ordered by the court, all payments under this paragraph as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan. The final column includes only payments disbursed by the trustee rather than by the Debtor(s).

| Name of creditor | Collateral | Current installment payments (Including escrow) | Amount of Arrearage (If any) | Interest rate on arrearage (If any) | Monthly plan PMT on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|
| **Pentagon Federal Cr Un** | 2015 Hyundai Sonata | 321.00<br>Disbursed by:<br>[ ] Trustee<br>[X] Debtor(s) | 321.68 | 0.00% | Months | 321.68<br>Starting on Plan Month |
| **Oriental Bank** | URB ALTURAS VILLA DEL REY A11 28 STREET, Caguas, PR 00725 | 535.00<br>Disbursed by:<br>[ ] Trustee | 1,793.36 | 0.00% | Months | 1,793.36<br>Starting on Plan Month |

*Insert additional claims as needed.*

3.2 **Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.**

*Check one.*

[ ] **None**. *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*

[X] The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim listed below, the debtor(s) state that the value of the secured claim should be as set out in the column headed Amount of secured claim. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below. The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety is an unsecured claim under Part 5 of this plan. Unless otherwise ordered by the court, the amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph. The holder of any claim listed below as having value in the column headed Amount of secured claim will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) Payment of the underlying debt determined under nonbankruptcy law, or
(b) Discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor. See Bankruptcy Rule 3015.

| Name of Creditor | Estimated amount of claim Creditor's Total Claim | Collateral | Value of Collateral | Amount of claim Senior to Creditor's Claim | Amount of Secured Claim | Interest Rate% | Monthly PMT to Creditor | Estimated total of Monthly PMT's |
|---|---|---|---|---|---|---|---|---|
| Pentagon Federal Credit Union | $5,580.44 | 2015 Hyundai Sonata | $11,000.00 | $12,258.64 | $0.00 | 0.00% | $0.00 | $0.00 |

3.3 **Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

3.4 **Lien Avoidance.**

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

3.5 **Surrender of collateral.**

*Check one.*
[ ] **None**. *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

[X] The Debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor(s) request that upon confirmation of this plan, the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under § 1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of creditor | Collateral |
|---|---|
| **Pentagon Federal Cr Un** | **Shares and deposits** |
| **Baxter Credit Union** | **2010 Nissan Rogue** |

*Insert additional lines as needed.*

3.6 **Pre-confirmation adequate protection monthly payments ("APMP") to be paid by the trustee.**
[ ] Payments pursuant to 11 USC §1326(a)(1)(C):

| Name of secured creditor | $ Amount of APMP | Comments |
|---|---|---|
| **None** | | |

*Insert additional lines as needed.*

Pre-confirmation adequate protection payments made through the plan by the trustee are subject to the corresponding statutory fee.

3.7 **Other secured claims modifications.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 3.7 need not be completed or reproduced.*

## PART 4: Treatment of Fees and Priority Claims

4.1 **General**

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

4.2 **Trustee's fees**
Trustee's fees are governed by statute and may vary during the term of the plan, nevertheless are estimated for confirmation purposes to be 10 % of all plan payments received by the trustee during the plan term.

4.3 **Attorney's fees**

*Check one.*

[X] **Flat Fee**: Attorney for Debtor(s) elect to be compensated as a flat fee for their legal services, up to the plan confirmation, according to LBR 2016-1(f).

**OR**

[ ] **Fee Application**: The attorneys' fees amount will be determined by the court, upon the approval of a detailed application for fees and expenses, filed not later than 14 days from the entry of the confirmation order.

| | |
|---|---|
| Attorney's fees paid pre-petition: | $ **132.00** |
| Balance of attorney's fees to be paid under this plan are estimated to be: | $ **3,368.00** |
| If this is a post-confirmation amended plan, estimated attorney's fees: | $ **500.00** |

4.4 **Priority claims other than attorney's fees and those treated in §§ 4.5, 4.6.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*

4.5 **Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

4.6 **Post confirmation property insurance coverage**

*Check one.*
[X] **None.** *If "None" is checked, the rest of § 4.6 need not be completed or reproduced.*

## PART 5: Treatment of Nonpriority Unsecured Claims

5.1 **Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective.

*Check all that apply.*

[ ] The sum of $ _____ .

[ ] _____% of the total amount of these claims, an estimated payment of $ _____.

[X] The funds remaining after disbursements have been made to all other creditors provided for in this plan.

[ ] If the estate of the Debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ _____

### 5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

### 5.3 Other separately classified nonpriority unsecured claims.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

## PART 6: Executory Contracts and Unexpired Leases

### 6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

*Check one.*
[X] **None**. *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

## PART 7: Vesting of Property of the Estate & Plan Distribution Order

### 7.1 Property of the estate will vest in the Debtor(s) upon

*Check the applicable box:*

[X] Plan confirmation.
[ ] Entry of discharge.
[ ] Other: _____

### 7.2 Plan distribution by the trustee will be in the following order:
*(The numbers below reflect the order of distribution; the same number means prorated distribution among claims with the same number.)*

1. Distribution on Adequate Protection Payments (Part 3, Section 3.6)
1. Distribution on Attorney's Fees (Part 4, Section 4.3)
1. Distribution on Secured Claims (Part 3, Section 3.1) – *Current contractual installment payments*
2. Distribution on Post Confirmation Property Insurance Coverage (Part 4, Section 4.6)
2. Distribution on Secured Claims (Part 3, Section 3.7)
2. Distribution on Secured Claims (Part 3, Section 3.1) – *Arrearage payments*
3. Distribution on Secured Claims (Part 3, Section 3.2)
3. Distribution on Secured Claims (Part 3, Section 3.3)
3. Distribution on Secured Claims (Part 3, Section 3.4)
3. Distribution on Unsecured Claims (Part 6, Section 6.1)
4. Distribution on Priority Claims (Part 4, Section 4.4)
5. Distribution on Priority Claims (Part 4, Section 4.5)
6. Distribution on Unsecured Claims (Part 5, Section 5.2)
6. Distribution on Unsecured Claims (Part 5, Section 5.3)
7. Distribution on General Unsecured claims (Part 5, Section 5.1)

Trustee's fees are disbursed before each of the distributions above described pursuant to 28 U.S.C. § 586(e)(2).

## PART 8: Nonstandard Plan Provisions

### 8.1 Check "None" or list the nonstandard plan provisions

[ ] **None**. *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

**Each paragraph below must be numbered and labeled in boldface type, and with a heading stating the general subject matter of the paragraph.**

The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.

**8.2 This Section modifies LBF-G, Part 3: Retention of Lien:**
The lien holder of any allowed secured claim, provided for by the Plan in its Part 3, will retain its lien according to the terms and conditions required by 11 USC 1325(a)(5)(B)(i)(I) & (II).

**8.3 This section modifies LBF-G, Part 2, Section 2.3: Income Tax Refunds to be used to fund the plan:**
Tax refunds will be devoted each year, as periodic payments, to fund the plan until the plan's completion. The tender of such payments shall deem the plan modified by such amount, increasing the base without the need of further Notice, Hearing or Court Order. If the Debtor(s) need(s) to use all or portion of such "Tax Refunds", Debtor(s) shall seek Court's authorization prior to any use of funds.

**8.4 This Provision Supplements Part 3 to provide for the Lifting of the 362(a) Stay:**
Upon the confirmation of this plan the automatic stay pursuant to Section 362(a) will be lifted in favor of Baxter Credit Union, as to collateral related to POC #12-1. The Debtor proposes to surrender the collateral (2010 Nissan Rogue) to said creditor. The Trustee will make no disbursements to secured creditor Baxter Credit Union, without prejudice of creditor filing a deficiency claim in order to receive pro-rata distribution by the Trustee as an unsecured claim.

*Insert additional lines as needed.*

## PART 9: Signature(s)

/s/Roberto Figueroa-Carrasquillo

Date **March 15, 2022**

**Signature of attorney of Debtor(s)**

JACQUELINE CONTES SANTIAGO

Date **March 15, 2022**

Date

Signature(s) of Debtor(s) (required if not represented by an attorney; otherwise optional)

By filing this document, the attorney for Debtor(s) or Debtor(s) themselves, if not represented by an attorney, also certify(ies) that the wording and order of the provisions in this chapter 13 plan are identical to those contained in Local Form G (LBF-G), other than any nonstandard provisions included in Part 8.

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0104-3<br>Case 19-01940-ESL13<br>District of Puerto Rico<br>Old San Juan<br>Tue Mar 15 12:28:23 AST 2022 | MONEY EXPRESS<br>MARIA M BENABE RIVERA<br>PO BOX 9146<br>SAN JUAN, PR 00908-0146 | ORIENTAL BANK<br>c/o WVS LAW LLC<br>17 CALLE MEXICO<br>SUITE D-1<br>San Juan, PR 00917-2202 |
| ORIENTAL BANK CCU<br>CCU BANKRUPTCY DEPARTMENT<br>PO BOX 364745<br>SAN JUAN, PR 00936-4745 | Quantum3 Group LLC as agent for<br>Sadino Funding LLC<br>PO Box 788<br>Kirkland, WA 98083-0788 | SCOTIABANK DE PUERTO RICO<br>c/o WVS LAW LLC<br>17 MEXICO STREET, SUITE D-1<br>SAN JUAN, PR 00917-2202 |
| US Bankruptcy Court District of P.R.<br>Jose V Toledo Fed Bldg & US Courthouse<br>300 Recinto Sur Street, Room 109<br>San Juan, PR 00901-1964 | Autoridad de Energia Electrica<br>PO Box 363508<br>San Juan, PR 00936-3508 | (p)BAXTER CREDIT UNION<br>COLLECTION DEPARTMENT<br>PO BOX 8133<br>VERNON HILLS IL 60061-8133 |
| Citi<br>PO Box 6190<br>Sioux Falls, SD 57117-6190 | Citibank, N.A.<br>701 East 60th Street North<br>Sioux Falls, SD 57104-0432 | DEPARTMENT OF TREASURY<br>BANKRUPTCY SECTION 424 B<br>PO BOX 9024140<br>SAN JUAN, PR 00902-4140 |
| DTOP<br>PO Box 41269 Minillas Station<br>San Juan, PR 00940-1269 | MONEY EXPRESS<br>CONSUMER SERVICE CENTER<br>BANKRUPTCY DIVISION (CODE 248)<br>PO BOX 9146 SAN JUAN PR 00908-0146 | Money Express<br>PO Box 9146<br>San Juan, PR 00908-0146 |
| ORIENTAL BANK<br>c/o WVS LAW LLC<br>17 MEXICO STREET, SUITE D-1<br>SAN JUAN, PR 00917-2202 | Oriental Bank<br>Retail Operation & Collections<br>Box 364745,<br>San Juan, P.R. 00936-4745<br>Att.: Ramn A. Snchez Marrero 00936-4745 | PREPA - BANKRUPTCY OFFICE<br>PO BOX 364267<br>SAN JUAN PR 00936-4267 |
| Pentagon Federal Cr Un<br>1001 N Fairfax St<br>Alexandria, VA 22314-1797 | (p)PENTAGON FEDERAL CREDIT UNION<br>ATTN BANKRUPTCY DEPARTMENT<br>P O BOX 1432<br>ALEXANDRIA VA 22313-1432 | (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 |
| Syncb/Walmart DC<br>PO Box 965024<br>Orlando, FL 32896-5024 | Syncb/tjx Cos Dc<br>PO Box 965015<br>Orlando, FL 32896-5015 | Thd/Cbna<br>PO Box 6497<br>Sioux Falls, SD 57117-6497 |
| JACQUELINE CONTES SANTIAGO<br>VILLA DEL REY 5 A11 28 STREET<br>CAGUAS, PR 00727-6705 | JOSE RAMON CARRION MORALES<br>PO BOX 9023884<br>SAN JUAN, PR 00902-3884 | MONSITA LECAROZ ARRIBAS<br>OFFICE OF THE US TRUSTEE (UST)<br>OCHOA BUILDING<br>500 TANCA STREET SUITE 301<br>SAN JUAN, PR 00901 |
| ROBERTO FIGUEROA CARRASQUILLO<br>PO BOX 186<br>CAGUAS, PR 00726-0186 | | |

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

Baxter Credit Union
340 N Milwaukee Ave
Vernon Hills, IL  60061-1533

Pentagon Federal Credit Union
Bankruptcy Department
P.O. Box 1432
Alexandria, VA 22313

Portfolio Recovery Associates, LLC
POB 12914
Norfolk VA 23541


The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(d)Quantum3 Group LLC as agent for
Sadino Funding LLC
PO Box 788
Kirkland, WA 98083-0788

(d)Scotiabank de Puerto Rico
c/o WVS LAW LLC
17 MEXICO STREET SUITE D-1
SAN JUAN PR  00917-2202

End of Label Matrix
Mailable recipients     27
Bypassed recipients      2
Total                   29